KEVIN CAHILL, Plaintiff-Appellant, v. EASTERN BENEFIT SYSTEMS, INC., *et al.*, Defendants-Appellees.

First District (1st Division)   No. 1—91—1460

Opinion filed October 19, 1992.

William R. Dunn, of Oak Lawn, for appellant.

Beigel & Sandler, Ltd., of Chicago (Lance C. Martin, of counsel), for appellee Eastern Benefit Systems, Inc.

Couri & Couri, of Winnetka (Phillip E. Couri, of counsel), for appellee Care America.

JUSTICE O'CONNOR delivered the opinion of the court:

This appeal questions the propriety of an order of the circuit court dismissing plaintiff Kevin Cahill's fourth amended complaint, which sought damages from defendants, Eastern Benefit Systems and Care America, for failure to pay all of an insurance claim submitted by Cahill.

We affirm.

Cahill's complaint, as amended, alleged that he was employed by Wieboldt Stores, Inc.,[1] and, as a result of his employment, was provided with health insurance for both himself and his family. The insurance claim at issue here concerns the November 11, 1986, admission of Cahill's son, Stephen, to Palos Community Hospital by his physician, Dr. Voltolina, and his subsequent 36-day stay at the hospital. The hospital ultimately submitted a bill for $13,615.40 to Wieboldt's for Stephen's stay. Wieboldt's, in turn, paid $4,720.05 of the bill, claiming that Stephen's hospitalization should have only been 14 days as opposed to 36 days.

Cahill further alleged that Eastern was the agent of Wieboldt's for "the purpose of approving, administering and paying all medical

---

[1]During the pendency of the proceedings in the circuit court, Wieboldt's filed a bankruptcy petition in the United States District Court. This appeal concerns only defendants Care America and Eastern.

and hospitalization claims submitted by insureds of [Wieboldt's]" and that Care America was the agent of both Eastern and Wieboldt's for the "purpose of investigating and making recommendations regarding medical and hospitalization claims submitted to both Eastern and Wieboldt's." Cahill stated that the contract between Wieboldt's, Eastern, and Care America was for the direct benefit of Cahill and his family, that is, to provide insurance coverage and payment of medical and hospitalization costs to Cahill and his family.

In count I of the complaint, Cahill charged defendants with breach of Cahill's insurance contract because only a portion of the hospital bill was paid. Count II alleged a violation of section 155 of the Illinois Insurance Code (Ill. Rev. Stat. 1989, ch. 73, par. 767.) In count III, Cahill charged that Care America had a duty to review the submitted insurance claims with reasonable care and that Care America breached that duty with regard to its determination that Stephen should have been hospitalized for only 14 days. Cahill further charged that Eastern negligently relied upon Care America's wrong determination, thereby breaching its duty to administer the submitted insurance claims with care.

Attached to the complaint was a document entitled "Special Benefit Addendum." This document states that the employee benefits plan "includes a Medical Utilization Review Program involving the services of Care America, an independent medical review organization. The Intent of the program is to eliminate inappropriate medical services while at the same time helping to contain the costs of your medical care." The document contained instructions that the insured must follow in order to receive "maximum benefits in the event you or a family member may require surgery or hospitalization." One such requirement was that the insured notify Care America before any hospital admission. The document also identified a "non compliance penalty" which warned that "the fact that a physician or another provider has furnished, ordered or approved a service or supply does not, of itself, make the service medically necessary." The failure of an insured to contact Care America would "result in a fifty percent (50%) reduction of benefits otherwise payable for covered expenses which are medically necessary."

Both Eastern and Care America moved to dismiss the complaint, arguing that Cahill had failed to state a cause of action upon which relief could be granted. In a written decision, the circuit court ruled that Cahill failed to allege facts which showed that Care America and Eastern had a contractual duty owing to Cahill. The court also found that the Insurance Code was inapplicable to the facts presented in the

complaint. Finally, the court held that Cahill had failed to allege any facts which would create any duty in tort owing to Cahill. As a result, the complaint was dismissed.

■■ Generally, courts are to construe pleadings liberally, with the view to do substantial justice between the parties. (*Keller v. State Farm Insurance Co.* (1989), 180 Ill. App. 3d 539, 536 N.E.2d 194.) No pleading, therefore, is defective in substance if it contains facts which reasonably inform the opposite party of the nature of the charge to be answered. (*Keller,* 180 Ill. App. 3d at 546.) A motion to dismiss based upon section 2—615 of the Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), however, challenges the sufficiency of the complaint and should be decided solely upon the allegations the complaint sets forth. (*Perkins v. Collette* (1989), 179 Ill. App. 3d 852, 534 N.E.2d 1312.) The motion is to be granted only if it is clear that plaintiff cannot prove any set of facts under the pleading which would entitle him to the relief requested. *Perkins,* 179 Ill. App. 3d at 856.

Cahill contends that his complaint adequately alleged facts which prove that he was a third-party beneficiary to the contracts between Wieboldt's and Care America and Eastern. We disagree.

■■ In Illinois, an individual not a party to a contract may only enforce the contract's rights when that contract's original parties intentionally enter into the contract for the direct benefit of the individual. (*Carson Pirie Scott & Co. v. Parrett* (1931), 346 Ill. 252, 178 N.E. 498; *Wheeling Trust & Savings Bank v. Tremco Inc.* (1987), 153 Ill. App. 3d 136, 505 N.E.2d 1045.) Courts must determine whether the benefit to the third person is direct to him or is but an incidental benefit to him arising from the contract. (*Carson Pirie Scott & Co.,* 346 Ill. at 257, *Wheeling Trust & Savings Bank,* 153 Ill. App. 3d at 140.) The critical inquiry centers on the intention of the parties, which is to be gleaned from the language of the contract and the circumstances surrounding the parties at the time of its execution. (*People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.* (1980), 78 Ill. 2d 381, 400 N.E.2d 918.) The promisor's intention must be shown by an express provision in the contract identifying the third-party beneficiary. *People ex rel. Resnik v. Curtis & Davis, Architects & Planners, Inc.,* 78 Ill. 2d at 385.

■■ Here, the only contractual obligation which can be evinced from the complaint is that between Wieboldt's and Cahill. Cahill failed to attach to his complaint any contract between Wieboldt's and Care America and Eastern; therefore, we are unable to ascertain the intention of the parties with regard to Cahill. The attached "Special Benefit Addendum" does not satisfy the requirement for the original con-

tract. Parenthetically, we note that it appears from the record that Cahill failed to follow the hospital preadmission instructions, which conceivably explains the reduction in the benefits received by Cahill. Accordingly, the circuit court did not err in finding that Cahill had failed to state a cause of action for breach of contract.

Cahill next claims that the circuit court erred in finding that Cahill failed to allege facts which raise any duty owing in tort to him.

■ Cahill's tort claim appears to be one of negligent misrepresentation. Negligent misrepresentation involves the breach of a duty to use care in obtaining and communicating information upon which others may reasonably be expected to rely in the conduct of their affairs. (*Zimmerman v. Northfield Real Estate, Inc.* (1986), 156 Ill. App. 3d 154, 510 N.E.2d 409, *appeal denied* (1987), 116 Ill. 2d 578, 515 N.E.2d 129.) The elements needed to sustain a cause of action for negligent misrepresentation include a duty owed by defendant to plaintiff, a breach of such duty, and injury proximately resulting from the breach. (*Harkala v. Wildwood Realty, Inc.* (1990), 200 Ill. App. 3d 447, 558 N.E.2d 195.) A misrepresentation can result from the failure to provide adequate information when there is a duty to provide such information as well as providing information which is false. (*Board of Education v. A, C, & S, Inc.* (1989), 131 Ill. 2d 428, 546 N.E.2d 580.) Claims for negligent misrepresentation require a showing of actual reliance. *Morse v. Abbott Laboratories* (N.D. Ill. 1991), 756 F. Supp. 1108.

■ In his complaint, Cahill alleges that Care America "made an improper, unreasonable and negligent determination regarding the terms of hospitalization required by Stephen Cahill." The foregoing is not adequate to state a claim upon which relief can be granted. Cahill did not allege in his complaint that he relied on the alleged negligent determination made by Care America. Rather, he alleges that *Eastern* negligently relied on Care America's determination. As noted above, the element of reliance is necessary for a cause of action in negligent misrepresentation. Moreover, the maker of a negligent misrepresentation is subject to liability to only those persons for whose guidance he knows the information is to be supplied and to them only for loss incurred in the kind of transaction in which the information is expected to influence them. (Restatement (Second) of Torts §552 (1977).) In this case, the information was supplied to Eastern and to Wieboldt's, not to Cahill. Based on the foregoing, Cahill's complaint cannot be said to adequately state a claim for negligent misrepresentation.

Cahill also asserts that Care America owed him a duty because it acted as an agent of both Wieboldt's and Eastern and that Eastern

owed Cahill a duty because it, too, was an agent of Wieboldt's. An agent, however, is not liable for injuries to third persons resulting solely from a mere breach of duty which he owes his principal, unless, at the same time the agent owes a separate duty to the third party. (*Adkins v. Chicago, Rock Island & Pacific R.R. Co.* (1971), 2 Ill. App. 3d 906, 274 N.E.2d 507, *rev'd on other grounds* (1973), 54 Ill. 2d 511, 301 N.E.2d 729, *cert. denied* (1976), 424 U.S. 943, 47 L. Ed. 2d 349, 96 S. Ct. 1411. See also Restatement (Second) of Agency §357 (1957) ("An agent who intentionally or negligently fails to perform duties to his principal is not thereby liable to a person whose economic interests are thereby harmed").) Cahill has not alleged any facts which establish that either Eastern or Care America owed an independent duty to Cahill. As a result, Cahill's complaint fails to allege a cause of action sounding in tort.

The judgment of the circuit court, therefore, is affirmed.

Affirmed.

BUCKLEY, P.J., and CAMPBELL, J., concur.