SEAN WARD, Plaintiff-Appellant, v. COMMUNITY UNIT SCHOOL DISTRICT No. 220 *et al.*, Defendants-Appellees.

First District (2nd Division)   No. 1—89—1501

Opinion filed March 16, 1993.

Michael W. Rathsack, of Chicago, for appellant.

Aries & Hoyt, of Chicago (Michael L. Handley, of counsel), for appellees.

PRESIDING JUSTICE McCORMICK delivered the opinion of the court:

This case comes before us on remand from our supreme court, which vacated our earlier decision and directed us to reconsider the case in light of *Sidwell v. Griggsville Community Unit School District No. 4* (1992), 146 Ill. 2d 467, 588 N.E.2d 1185. Plaintiff, Sean Ward, sued the school district and the school he attended for injuries he suffered on defendants' premises during a physical education class. In count I, plaintiff alleged that defendants negligently caused the injury, and in count II he alleged that defendants caused his injuries through wilful and wanton misconduct. The trial court dismissed the

complaint pursuant to section 2—615 of the Illinois Code of Civil Procedure (Ill. Rev. Stat. 1989, ch. 110, par. 2—615), on its finding that defendants owed plaintiff no duty of care under the allegations in the complaint. We affirmed the dismissal of the complaint because we found that section 24—24 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—24) immunized defendants from suit for the alleged negligence. We also held that the complaint failed to state facts which could support a finding of wilful and wanton misconduct. Our supreme court held that the School Code does not protect a school district when the plaintiff alleges negligence of a school district as a property owner independent of negligent acts of a teacher. (*Sidwell*, 146 Ill. 2d at 472-73.) On reconsideration, we reverse the trial court's holding on count I, the negligence count, but we affirm dismissal of count II, which charged defendants with wilful and wanton misconduct.

On September 26, 1977, plaintiff, then eight years old, attended physical education class at Arnett C. Lines School. The students participated in a game of flag football on the field behind the school. The field's boundaries were marked with a permanent marking substance. At the same time, students at Barrington Middle School, for seventh- and eighth-grade students, were playing football on the field behind the Barrington school, which also had permanently marked boundaries. The two fields "were situated end to end and were located almost immediately adjacent to each other, with the end area of one field near the end of the other field."

While plaintiff was sitting on the ground near the end zone of the Lines school field, watching the flag football game, a student from Barrington school ran through the end zone of the Barrington field in an effort to catch a pass in the Barrington football game. The Barrington student ran into plaintiff, fracturing plaintiff's skull, causing serious and permanent injury.

Plaintiff sued the Lines school, the Barrington school, Community Unit School District No. 220, which managed both the Lines and the Barrington schools, and the Board of Education of Community Unit School District No. 220. In count I, plaintiff alleged that: "Defendants knew or should have known that students participating in games on one of said fields would be likely to run *** into persons on or near the adjacent field without being able to stop or avoid those persons because said students would be concentrating their attention on the sport being played." Plaintiff alleged that defendants negligently caused his injury when they:

> "Located and marked said playing fields so that there was insufficient room between said fields;

\*\*\*

Designed and located said fields so that students participating in games on one field would be \*\*\* caused to run into the area of the adjacent field."

In count II, plaintiff alleged that defendants knew that persons would be near the sidelines of the Lines school field, paying attention to the game on that field and not to the game on the Barrington field. Plaintiff alleged that defendants were guilty of wilful and wanton misconduct which caused plaintiff's injury when they designed the fields to be too close together and when they:

"Failed to mark said fields or otherwise warn students that students playing in one field would be caused to run onto or near the other field;

\*\*\* Failed to \*\*\* protect the students using one of said fields from the students \*\*\* on the other of said fields; \*\*\*

Directed that younger and smaller students and older and bigger students play contact sports in immediately adjacent playing fields at the same time."

Defendants moved to dismiss count I based on the school's immunity under section 24—24 of the School Code (Ill. Rev. Stat. 1987, ch. 122, par. 24—24), and they sought dismissal of count II on grounds that "the acts or omissions set forth in \*\*\* [c]ount II do not constitute the type of misconduct contemplated as wilful and wanton." The trial court granted the motion to dismiss, finding that the defendants violated no duty by performing the acts alleged in the complaint.

■ Section 24—24 of the School Code provides limited immunity for teachers whose negligent acts injure pupils. (*Sidwell*, 146 Ill. 2d at 470-71.) Although school districts may vicariously benefit from this immunity, our supreme court has explained that when a "complaint alleges the independent negligence of the school district rather than liability through the acts of a teacher, the defendant school district is not entitled to vicarious immunity under section[ ] 24—24." *Sidwell*, 146 Ill. 2d at 473.

In *Sidwell* the plaintiff alleged that the school district allowed a rut to form on the school playground, and the plaintiff, while attending the school, sustained injuries when he fell into the rut. The trial court granted the school district's motion to dismiss the complaint based on the district's immunity under the School Code. Our supreme court reversed, holding that the school district's alleged negligence in allowing the rut to form was distinct from the teacher's negligence in allowing the plaintiff to use the rutted part of the playground. There-

fore the School Code did not protect the school district from liability for the negligent acts alleged.

Here, plaintiff alleged that defendants negligently located the fields too close together, knowing that students playing on one field would run into students on or near the other field. Under the reasoning of *Sidwell*, the school district's alleged negligence is distinct from the teacher's negligence in directing the Lines school students to play on their field while bigger students from Barrington school were playing on the immediately adjacent field. The School Code does not immunize defendants from suit for the negligent acts alleged in count I which are not allegations of the teacher's negligence.

■ The trial court did not address defendants' argument that the School Code protected them from this suit; instead, the trial court dismissed the complaint because it found that defendants owed plaintiff no duty of care. The defendants together owned and managed the two playing fields involved in this case, and plaintiff, as a student of the Lines school, was an invitee on defendants' land. A landowner has a duty to protect its invitees from physical harm caused by

" 'a condition on the land if, but only if, he

(a) knows or by the exercise of reasonable care would discover the condition, and should realize that it involves an unreasonable risk of harm to such invitees, and

(b) should expect that they will not discover or realize the danger, or will fail to protect themselves against it.' " *Ward v. K mart Corp.* (1990), 136 Ill. 2d 132, 146, 554 N.E.2d 223, quoting Restatement (Second) of Torts §343 (1965).

■ Defendants do not dispute plaintiff's contention that they knew of the location of the fields behind the two schools. We must determine whether the factual allegations of the complaint, if proved, would show that defendants should have realized that the location of the fields involved an unreasonable risk of harm, and that defendants should have expected the students to fail to protect themselves against the danger. In determining the adequacy of the factual allegations of the complaint, we are mindful of the guidance of our supreme court, which has held:

"The purpose of pleadings is to present, define and narrow the issues and limit the proof needed at trial. Pleadings are not intended to erect barriers to a trial on the merits but instead to remove them and facilitate trial. The object of pleadings is to produce an issue asserted by one side and denied by the other so that a trial may determine the actual truth. [Citations.] Perhaps the best measure of a complaint's sufficiency, then, is

whether the defendant is able to answer the essential allegations. \*\*\*

Illinois is a fact-pleading State. This means that although pleadings are to be liberally construed and formal or technical allegations are not necessary, a complaint must, nevertheless, contain facts to state a cause of action. [Citation.] Which facts? The complaint is deficient when it fails to allege the facts necessary for the plaintiff to recover. [Citation.] 'But it is a rule of pleading long established, that a pleader is not required to set out his evidence. To the contrary, only the ultimate facts to be proved should be alleged and not the evidentiary facts tending to prove such ultimate facts.' " *People ex rel. Fahner v. Carriage Way West, Inc.* (1981), 88 Ill. 2d 300, 307-08, 430 N.E.2d 1005, quoting *Board of Education v. Kankakee Federation of Teachers Local No. 886* (1970), 46 Ill. 2d 439, 446-47, 264 N.E.2d 18.

Plaintiff alleged that defendants breached their duties as landowners by locating the two playing fields "almost immediately adjacent" to each other. We find that this is a factual allegation. (See *Griffis v. Board of Education, District 122* (1979), 72 Ill. App. 3d 784, 788, 391 N.E.2d 451.) To determine whether the risk of harm due to the proximity of the fields was unreasonable, we must take into account the likelihood of injury, the gravity of the threatened injury, the burden of guarding against the injury, and the consequences of placing that burden on defendant. *Stemen v. Avon Products, Inc.* (1992), 234 Ill. App. 3d 300, 599 N.E.2d 1140.

According to the complaint, the fields were so close together that when both fields were in use, participants in one game were "likely to run \*\*\* into persons on or near the adjacent field." Most of the injuries from the resulting collisions would probably be minor, but some could be quite severe. The complaint does not show what the burden of guarding against the injury would have been, but from the stated facts, the school district apparently could have guarded against the injury by shortening or repositioning the fields, by coordinating schedules so that classes were not simultaneously using both fields or by erecting a soft barrier between the fields. From the facts alleged in the complaint, we cannot conclude that defendants would suffer any extreme untoward consequences if we place the burden of making the fields safe on defendants. Therefore, plaintiff has stated facts which could support a finding that the arrangement of the fields created an unreasonable risk of harm.

Plaintiff also alleged that defendants knew that students on or near one field would not be aware of students coming onto the field from the game on the adjacent field because each student would have his attention directed to the game in which he was participating. In the trial court, defendants argued that the allegation of their knowledge was not a factual allegation, and plaintiff needed to allege facts from which the finder of fact could infer defendants' knowledge. We disagree. A statement of a defendant's knowledge is an allegation of ultimate fact and not a conclusion. (*Doner v. Phoenix Joint Stock Land Bank* (1942), 381 Ill. 106, 115, 45 N.E.2d 20; see *Bowers v. Du Page County Regional Board of School Trustees District No. 4* (1989), 183 Ill. App. 3d 367, 371, 380, 539 N.E.2d 246.) Plaintiff need not plead the evidentiary facts he will use to prove defendants' knowledge. *Kankakee Federation*, 46 Ill. 2d at 446-47.

■ The complaint includes factual allegations that defendants knew that students would not pay attention to the danger of players from the other field running into them. Since the school required the students to participate in games on the fields, the students could not protect themselves against the danger in the most obvious manner, by simply not playing on the fields. Plaintiff has adequately alleged facts which can support a finding that defendants should have expected the students to fail to protect themselves against the danger of intrusions by players on the adjacent field. Thus, plaintiff has alleged facts which could support the findings required for landowner liability under section 343 of the Restatement (Second) of Torts. Plaintiff's complaint sufficiently states a cause of action in negligence against defendants.

Although defendants did not raise the issue in the trial court, on appeal they contend that they are immune from this suit for negligence under section 3—106 of the Local Governmental and Governmental Employees Tort Immunity Act (Ill. Rev. Stat. 1977, ch. 85, par. 3—106).

"The general rule is that questions not raised in the trial court are deemed waived and cannot be argued for the first time on appeal. *** The waiver rule should not be ignored *** if the opposing party could have introduced evidence to contest or refute the assertions made on appeal, had he an opportunity to do so in the trial court." *In re Marriage of Rodriguez* (1989), 131 Ill. 2d 273, 279, 545 N.E.2d 731.

However, the waiver rule is a limitation only on the parties, and this court has the power to decide any issue as long as the record contains facts sufficient for resolution of the issue. *Wozniak v. Segal*

(1974), 56 Ill. 2d 457, 308 N.E.2d 611; *McClure v. Suter* (1978), 63 Ill. App. 3d 378, 383, 379 N.E.2d 1376.

■ At the time plaintiff was injured, municipalities could waive immunity under the Tort Immunity Act by purchasing applicable insurance. (*Sullivan v. Midlothian Park District* (1972), 51 Ill. 2d 274, 279-80, 281 N.E.2d 659.) Because defendants failed to raise this affirmative defense in the trial court, the record does not show whether defendants waived their tort immunity by purchasing insurance. Defendants waived the issue of the application of the Tort Immunity Act for this appeal by failing to raise it in the trial court. Defendants will have the opportunity to raise the defense on remand, and plaintiff will have the chance to show that defendants waived their immunity by purchasing applicable insurance.

The trial court found that because defendants owed plaintiff no duty, they could not be liable for wilful and wanton misconduct. Plaintiff contends that the complaint adequately states a cause of action for wilful and wanton misconduct.

> " 'A wilful or wanton injury must have been intentional or the act must have been committed under circumstances exhibiting a reckless disregard for the safety of others, such as a failure, after knowledge of impending danger, to exercise ordinary care to prevent it or a failure to discover the danger through recklessness, or carelessness when it could have been discovered by ordinary care. *** In view of the fact that it is a matter of degree a hard and thin line definition should not be attempted.' " *O'Brien v. Township High School District 214* (1980), 83 Ill. 2d 462, 469, 415 N.E.2d 1015, quoting *Lynch v. Board of Education* (1980), 82 Ill. 2d 415, 429-30, 412 N.E.2d 447.

Generally, the courts leave to triers of fact the question of whether misconduct is wilful and wanton, but the court may determine the issue if a determination that the alleged acts constitute wilful and wanton misconduct cannot stand. *Brown v. Chicago Park District* (1991), 220 Ill. App. 3d 940, 943, 581 N.E.2d 355.

In *Kirby v. Macon Public School District No. 5* (1988), 169 Ill. App. 3d 416, 523 N.E.2d 643, the plaintiff fell from a slide on the defendant's school playground. The plaintiff sued the defendant for negligence and wilful misconduct in keeping a slide 12 feet tall on its premises without railings on its side or padding underneath. The appellate court found that the complaint adequately stated a cause of action for negligence, but it held:

> "[D]efendant's conduct of allowing the slide on the playground without guardrails after other children had been injured

*** does not, however, in our opinion demonstrate an utter and conscious disregard for the safety of the children. Although the defendants may have failed to provide sufficient protection, this does not rise to the level of conduct contemplated by a wilful and wanton claim." (*Kirby*, 169 Ill. App. 3d at 421.)

The court affirmed dismissal for failure to state a claim of the count charging defendant with wilful and wanton misconduct.

In *Gara v. Lomonaco* (1990), 199 Ill. App. 3d 633, 557 N.E.2d 483, the plaintiff fell between mats on the floor in her physical education class. Plaintiff charged the teacher and the school district with wilful and wanton misconduct because defendants directed plaintiff to dance on mats which overlapped in a manner that created a dangerous condition. The appellate court affirmed dismissal of the complaint, holding:

"To support a cause of action for wilful and wanton misconduct, plaintiffs must allege facts which if proven exhibit a deliberate intention to harm or an utter indifference or conscious disregard for [plaintiff's] safety. Plaintiffs did not allege [defendant] deliberately intended to harm [plaintiff]. Further, the facts alleged do not support a finding that [defendant's] conduct exhibited an utter indifference or conscious disregard for [plaintiff's] safety. The allegations *** arguably state a cause of action for negligence ***; however, defendants' conduct did not rise to the level of wilful and wanton misconduct." *Gara*, 199 Ill. App. 3d at 639-40.

■ The misconduct alleged in this case is similar to that alleged in *Kirby* and *Gara*. In all three cases, the plaintiffs alleged that defendant school districts maintained as part of school facilities unreasonably dangerous equipment for physical education. In *Kirby* and *Gara*, while the courts agreed with the plaintiffs that the equipment could be considered unreasonably dangerous, the courts found that the alleged misconduct in failing to protect against the danger did not rise to the level needed for wilful and wanton misconduct. Here, too, the defendants did not expose children to a very high risk of injury, although the risk could be found unreasonable in light of the possibly slight burden of prevention. While the distinction between negligence and wilful misconduct is largely a matter of degree, we find that in this case, like *Kirby* and *Gara*, the alleged misconduct is not of the degree necessary to state a cause of action for wilful and wanton misconduct.

We affirm the trial court's decision to dismiss count II of the complaint, we reverse the dismissal of count I and we remand that count for proceedings in accord with this opinion.

Affirmed in part; reversed in part and remanded.

HARTMAN and DiVITO, JJ., concur.