637 N.E.2d 554 (1994)
264 Ill.App.3d 895
202 Ill.Dec. 15
Kimberly ORAVEK, a minor, by her mother and next friend, Kathy Brann, Plaintiff-Appellant,
v.
COMMUNITY SCHOOL DISTRICT 146, Defendant-Appellee (Mark J. Liscak, a minor, Jerry Liscak and Anna Liscak, Defendants).
No. 1-93-0320.
Appellate Court of Illinois, First District, Third Division.
June 22, 1994.
*555 James A. Stamos & Associates, Chtd., Chicago, for appellant.
Jack F. Clifford & Associates, Ltd., Chicago (John W. Clifford, Thomas J. Finnegan, Jr., of counsel), for appellee.
Justice GREIMAN delivered the opinion of the court:
In this personal injury case, plaintiff Kimberly Oravek, a minor, by her mother and next friend, Kathy Brann, appeals the trial court's order which granted the motion of defendant Community School District 146 to dismiss count II of her fourth amended complaint alleging wilful and wanton conduct.
On appeal plaintiff contends that the question of wilful and wanton conduct must be decided by the trier of fact, not by the court, and that count II of her fourth amended complaint sufficiently states a cause of action for wilful and wanton conduct to withstand a motion to dismiss under section 2-615 (735 ILCS 5/2-615 (West 1992)).
We disagree with both of plaintiff's contentions and affirm the dismissal of her wilful and wanton count against defendant. The fourth amended complaint fails to state facts upon which the trier of fact can find wilful and wanton conduct.
About 7 p.m. on September 17, 1988, (a Saturday), the 12-year-old plaintiff was riding a bicycle on defendant's premises at Kruse School in Orland Park, Illinois. When she turned a corner, plaintiff encountered a skateboard ramp, unsuccessfully attempted to avoid it, ran the bicycle partially up the ramp, fell and sustained injuries.
The ramp, approximately four feet high, had been transported to the school property by codefendants Mark Liscak, a minor, and his parents, Jerry and Anna Liscak, who organized and conducted an event known as *556 a skate jamboree or skate jam on the school property. The Liscak codefendants are the subjects of a negligence count in plaintiff's fourth amended complaint and are not a part of the present appeal.
In her fourth amended complaint plaintiff alleges that defendant "through its agents and employees had specific knowledge of the presence of [the] skateboard ramp on the situs of Kruse School" and failed to remove the ramp until after plaintiff's accident. Plaintiff further alleges that defendant engaged in wilful and wanton conduct because school policy prohibited skateboards and skateboard ramps at Kruse School and that paragraph 13 of the fourth amended complaint provides:
"With conscious and reckless disregard of the safety of the Plaintiff and others failed to remove and/or destroy said skateboard ramp from the situs of Kruse School although, said Defendant, SCHOOL DISTRICT 146, through its agents and employees knew or in the exercise of ordinary care should have known:
1) Said skateboard ramp had been abandoned on the school situs.
2) Said skateboard ramp was inherently dangerous to any person using same.
3) Said skateboard ramp was an attractive nuisance by its very design, inviting children to play upon or use same.
4) The presence of said skateboard ramp was against school policy and failing to remove said ramp was in violation of school policy."
Defendant filed a section 2-615 motion to dismiss asserting that plaintiff's fourth amended complaint failed to state a cause of action. (735 ILCS 5/2-615 (West 1992).) Alternatively defendant contended that even if the allegations in plaintiff's fourth amended complaint supported wilful and wanton conduct, defendant had immunity under the Local Governmental and Governmental Employees Tort Immunity Act (Tort Immunity Act). 745 ILCS 10/1-101 et seq. (West 1992).
On December 18, 1992, the trial court granted defendant's motion and found that plaintiff's allegations of fact did not constitute wilful and wanton conduct on the part of defendant.
Plaintiff first contends that the issue of wilful and wanton conduct is always a fact question to be decided by the jury, not by the court. We disagree.
"A judgment on the pleadings is proper only if questions of law and not of fact exist after the pleadings have been filed." Harris Trust and Savings Bank v. Donovan (1991), 145 Ill.2d 166, 172, 163 Ill.Dec. 854, 582 N.E.2d 120 (affirmed dismissal of the plaintiff's complaint pursuant to section 2-615).
Whether conduct constitutes wilful and wanton wrongdoing is generally reserved for the trier of fact but a court may decide the issue in determining whether or not a complaint sufficiently alleges such conduct to state a cause of action. Ward v. Community Unit School District No. 220 (1993), 243 Ill. App.3d 968, 975, 184 Ill.Dec. 901, 614 N.E.2d 102.
Plaintiff next asserts that the factual allegations set forth in her fourth amended complaint sufficiently state a cause of action for wilful and wanton conduct on the part of defendant.
Defendant contends that the dismissal of count II was proper because plaintiff failed to plead sufficient facts to support their purported wilful and wanton cause of action. Defendant argues that plaintiff's complaint, at best, alleges that defendant failed to remove a skateboard ramp placed on school premises by unauthorized third persons who were not connected with the school district and that such omission (i.e., failure to remove the ramp) cannot support the egregious conduct necessary for wilful and wanton misconduct. Defendant further argues that the failure of a school to remove a skateboard ramp which it did not own, which was placed in connection with an event it did not organize or approve, in a period of time less than a day, on a non-school day (Saturday), simply does not amount to wilful and wanton conduct.
Whether or not to grant a motion to dismiss for failure to state a cause of action rests within the discretion of the trial court. (Geick v. Kay (1992), 236 Ill.App.3d 868, 177 *557 Ill.Dec. 340, 603 N.E.2d 121; In re Estate of Casey (1991), 222 Ill.App.3d 12, 164 Ill.Dec. 529, 583 N.E.2d 83.) The issue to be decided is whether sufficient facts are contained in the pleadings which, if established, could entitle the plaintiff to relief. Kolegas v. Heftel Broadcasting Corp. (1992), 154 Ill.2d 1, 9, 180 Ill.Dec. 307, 607 N.E.2d 201.
A court decides a section 2-615 motion solely upon the allegations of the complaint and not upon affidavits, affirmative factual defenses or other supporting materials. (Cahill v. Eastern Benefit Systems, Inc. (1992), 236 Ill.App.3d 517, 520, 177 Ill.Dec. 718, 603 N.E.2d 788.) For the purpose of a section 2-615 motion to dismiss, we must accept as true all well-pleaded facts in the complaint and all reasonable inferences which can be drawn from those facts, interpret the allegations in the light most favorable to the plaintiff and determine whether the allegations are sufficient to set forth a cause of action upon which relief may be granted. Kolegas, 154 Ill.2d at 8-9, 180 Ill. Dec. 307, 607 N.E.2d 201; Burdinie v. Village of Glendale Heights (1990), 139 Ill.2d 501, 505, 152 Ill.Dec. 121, 565 N.E.2d 654.
Although we must take all well-pleaded facts as true, we must also disregard mere conclusions of law or fact unsupported by the facts alleged. (Capitol Indemnity Corp. v. Stewart Smith Intermediaries, Inc. (1992), 229 Ill.App.3d 119, 123, 171 Ill.Dec. 52, 593 N.E.2d 872; Washington v. Chicago Board of Education (1990), 204 Ill.App.3d 1091, 1094, 150 Ill.Dec. 11, 562 N.E.2d 541.) The bare characterization of certain acts as wilful and wanton misconduct is not sufficient to withstand a motion to dismiss because such misconduct must be manifested by facts alleged in the complaint. Cipolla v. Bloom Township High School District No. 206 (1979), 69 Ill.App.3d 434, 437, 26 Ill.Dec. 407, 388 N.E.2d 31.
Although we must construe pleadings liberally with a view to doing substantial justice between the parties (735 ILCS 5/2-603(c) (West 1992)), the plaintiff is not relieved from the duty of including sufficient factual averments in her complaint. (Harris v. Johnson (1991), 218 Ill.App.3d 588, 591-92, 161 Ill.Dec. 680, 578 N.E.2d 1326.) Illinois is a fact-pleading State and accordingly, a complaint must allege sufficient facts to bring the plaintiff's claim within the scope of a legally recognized cause of action. Adkins v. Sarah Bush Lincoln Health Center (1989), 129 Ill.2d 497, 136 Ill.Dec. 47, 544 N.E.2d 733; Geick (1992), 236 Ill.App.3d at 873, 177 Ill. Dec. 340, 603 N.E.2d 121 (notice pleading has not been adopted); Capitol Indemnity Corp., 229 Ill.App.3d at 123, 171 Ill.Dec. 52, 593 N.E.2d 872.
"To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff." Adkins, 129 Ill.2d at 518, 136 Ill.Dec. 47, 544 N.E.2d 733; see also Burke v. 12 Rothschild's Liquor Mart, Inc. (1992), 148 Ill.2d 429, 448, 170 Ill.Dec. 633, 593 N.E.2d 522 (the definition of wilful and wanton conduct is virtually the same whether used for the purpose of a pleading requirement, in a jury instruction or in the Tort Immunity Act (745 ILCS 10/1-210 (West 1992)).
Wilful and wanton misconduct goes far beyond mere inadvertence, which may constitute ordinary negligence, because it requires a conscious disregard for the safety of others. (Majewski v. Chicago Park District (1988), 177 Ill.App.3d 337, 340, 126 Ill.Dec. 724, 532 N.E.2d 409 (complaint failed to plead facts that constitute wilful and wanton misconduct).) In Majewski, the plaintiff sustained injuries when he fell on broken glass while playing touch football on a field owned by the defendant park district. In his complaint, the plaintiff identified the defendant's wilful and wanton misconduct as: (1) failing to post signs around the football field warning of the possible presence of broken glass; and (2) failing to inspect and remove debris from the field. This court held that these "allegations, standing alone, describe mere omissions, which perhaps might constitute ordinary negligence. However, they simply do not amount to willful and wanton misconduct." Majewski, 177 Ill.App.3d at 341, 126 Ill.Dec. 724, 532 N.E.2d 409.
Similarly, failure to repair and prohibit the use of a basketball court (Oropeza v. Board *558 of Education (1992), 238 Ill.App.3d 399, 179 Ill.Dec. 650, 606 N.E.2d 482), failure to remove a mirror from the wall of a park district indoor public shower (Brown v. Chicago Park District (1991), 220 Ill.App.3d 940, 163 Ill.Dec. 404, 581 N.E.2d 355), failure to remedy icy conditions on a stairway at the back of school (Washington v. Chicago Board of Education (1990), 204 Ill.App.3d 1091, 150 Ill. Dec. 11, 562 N.E.2d 541), and failure to sufficiently refill ruts and holes at an outdoor baseball field (Lester v. Chicago Park District (1987), 159 Ill.App.3d 1054, 111 Ill.Dec. 826, 513 N.E.2d 72) failed to constitute wilful and wanton conduct.
At oral argument in the present case, plaintiff abandoned her claim that the skateboard ramp was an attractive nuisance since Illinois abolished the attractive nuisance doctrine in Kahn v. James Burton Co. (1955), 5 Ill.2d 614, 126 N.E.2d 836. (Cope v. Doe (1984), 102 Ill.2d 278, 80 Ill.Dec. 40, 464 N.E.2d 1023.) In addition, at oral argument plaintiff relinquished the arguments advanced in her brief which relied on matters outside her fourth amended complaint or the record. When confronted with an amended complaint which does not refer to or adopt prior pleadings, the court will disregard earlier pleadings for the purpose of a motion to dismiss. Foxcroft Townhome Owners Association v. Hoffman Rosner Corp. (1983), 96 Ill.2d 150, 154, 70 Ill.Dec. 251, 449 N.E.2d 125; Cipolla, 69 Ill.App.3d at 438, 26 Ill.Dec. 407, 388 N.E.2d 31.
By the allegations in her complaint, plaintiff acknowledges that the Liscak codefendants organized and conducted the skate jamboree and transported and placed the skateboard ramp on the school grounds. The Liscak codefendants are not affiliated or associated in any way with defendant. Moreover, the Liscak codefendants, not defendant, delivered and deserted the skateboard ramp on school premises thereby violating the school's prohibition of skateboards and skateboard ramps.
Plaintiff's allegation that the "skateboard ramp was inherently dangerous" is unsupported by any facts and stands as nothing more than a mere conclusion.
Plaintiff's allegation that defendant "had specific knowledge of the presence of [the] skateboard on the situs of Kruse School" is not conclusory. The allegation of a defendant's knowledge is one of ultimate fact, not a conclusion, and thus plaintiff need not plead the evidentiary facts upon which such statement is based. Ward, 243 Ill. App.3d at 974, 184 Ill.Dec. 901, 614 N.E.2d 102.
Taken at its best, however, plaintiff's complaint alleges that defendant was informed, at some unspecified time, that the skateboard ramp was on school property on a non-school day and that defendant failed to remove the ramp until after plaintiff's accident. Reduced to these allegations, we find that the alleged misconduct does not rise to the level of deliberate intention to harm or an utter indifference to or conscious disregard for plaintiff's safety necessary to state a cause of action for wilful and wanton conduct. A qualitative difference necessarily exists between wilful and wanton misconduct and ordinary negligence. Wilful and wanton misconduct should shock the conscience and it is difficult to imagine even the tenderest of consciences being shocked by defendant's conduct in the instant case.
Finally, defendant asserts that even if the allegations in plaintiff's fourth amended complaint supported wilful and wanton conduct, defendant has immunity under the Tort Immunity Act.
When a reviewing court finds that a complaint was properly dismissed for failure to state a cause of action for wilful and wanton conduct, it is unnecessary to address whether or not the plaintiff's claim is also barred under the Tort Immunity Act. Washington, 204 Ill.App.3d at 1097, 150 Ill. Dec. 11, 562 N.E.2d 541.
For all the foregoing reasons, we affirm the dismissal of count II of plaintiff's complaint alleging wilful and wanton misconduct against defendant.
Affirmed.
RIZZI and CERDA, JJ., concur.