2019 IL App (1st) 181152

FIFTH DIVISION
Filing Date March 29, 2019

No. 1-18-1152

_____

IN THE

APPELLATE COURT OF ILLINOIS

FIRST DISTRICT

_____

| | | |
|---|---|---|
| MARIANNE ROMITO, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellant, | ) | Cook County. |
| | ) | |
| v. | ) | No. 13 L 0796 |
| | ) | |
| CITY OF CHICAGO, a municipal corporation, and | ) | Honorable |
| SANDRA LEVERETT, | ) | Christopher Lawler, |
| | ) | Judge, Presiding. |
| Defendants-Appellees. | ) | |
| | ) | |

_____

JUSTICE HALL delivered the judgment of the court, with opinion.
Presiding Justice Rochford and Justice Hoffman concurred in the judgment and opinion.

**OPINION**

¶ 1    On January 23, 2013, plaintiff Marianne Romito filed a two-count negligence complaint

against defendants City of Chicago (City) and Chicago Police Officer Sandra Leverett for

injuries she sustained after rear ending a double-parked, marked Chicago Police Department

vehicle on January 1, 2013.  Plaintiff subsequently amended the complaint to include two counts

of willful and wanton conduct in February 2018; however those counts were dismissed with

prejudice on defendants' motion on February 26, 2018.  Defendants then filed a motion for

summary judgment on plaintiff's remaining negligence counts based on immunity. After initially denying defendants' motion for summary judgment on the belief that the willful and wanton counts of plaintiff's complaint were set for trial, the trial court granted defendants' motion for reconsideration and entered summary judgment on the remaining negligence counts of plaintiff's first amended complaint.

¶ 2      After the trial court granted summary judgment in favor of defendants, it denied plaintiff's motion for reconsideration and her motion for leave to file a second amended complaint. Plaintiff appeals from an order of the circuit court of Cook County denying her motion to reconsider the grant of summary judgment to defendants and from the denial of leave to file a second amended complaint. On appeal, plaintiff contends that: the trial court abused its discretion in denying her leave to amend her complaint and the trial court erred in granting defendants' motion for summary judgment. For the reasons that follow, we affirm.

¶ 3                                    BACKGROUND

¶ 4      On January 23, 2013, plaintiff filed a two-count complaint for negligence in the circuit court of Cook County against the City and Chicago Police Officer Leverett. On March 1, 2013, defendants filed their answer to plaintiff's complaint, affirmative defenses and a counterclaim. In their answer, defendants denied that plaintiff accurately stated the duty owed to her; denied that it breached any duty and denied any allegations of negligence. The answer raised the affirmative defense that the City was not liable for any injury resulting from an act or omission of its employee where the employee was not liable and further that Leverett's acts or omissions as a City employee were not negligent. As such, the City was immune from liability under section 2-109 of the Local Government and Governmental Employees Tort Liability Act (Tort

Liability Act). 745 ILCS 10/2-109 (West 2012). The answer raised the second affirmative defense that Leverett was not liable for her act or omission in the execution or enforcement of any law because her act or omission did not constitute willful or wanton misconduct. Thus, Leverett was immune from liability under section 2-202 of the Tort Liability Act. 745 ILCS 10/2-202 (West 2012). Additionally, defendants raised the affirmative defense that they were not liable for plaintiff's own negligence which contributed in whole or in part to the injury that she claimed. Defendants also filed a counterclaim for property damage against plaintiff, seeking $4577.55 as reimbursement for the repair costs to the police vehicle damaged in the collision. Defendants' counterclaim was voluntarily dismissed on November 1, 2016.

¶ 5    On January 29, 2018, defendants were granted leave to file a dispositive motion and plaintiff was granted leave to amend her "most recent" complaint. On February 5, 2018, plaintiff filed her first amended complaint, which contained two counts of negligence, similar to those alleged in plaintiff's original complaint, and two counts of willful and wanton conduct.

¶ 6    Count I of the first amended complaint alleged that on January 1, 2013, plaintiff was operating her vehicle westbound on Foster Avenue near 6836 West Foster in Chicago when she collided with a Chicago police vehicle operated by defendant Leverett. Leverett was dispatched to respond to a domestic call at 6836 West Foster and arrived at approximately 5:39 a.m.; Leverett never activated any audible or visual emergency lights on the police vehicle; she double-parked the police vehicle in the westbound lane of Foster; Leverett found no threat or emergency situation and was performing routine patrol duties. Plaintiff alleged that the police vehicle did not have its mars or other lights on prior to or during the collision, thus she had insufficient warning that the police vehicle was there and was unable to stop in time to avoid a

collision with that vehicle. According to the allegation, Leverett carelessly and negligently failed to exercise ordinary care in the operation of the police vehicle in that she failed to safely park the vehicle and instead obstructed traffic; failed to engage headlights or taillights; violated Chicago Police Department general and special orders regarding the safe operation of a police vehicle and failed to operate said vehicle in a reasonably safe manner so as not to cause injury to plaintiff. As a result, plaintiff was injured and sought damages in excess of $50,000 from Leverett.

¶ 7 Count II of the first amended complaint alleged similar theories of negligence against the City. Count II alleged that Leverett was an agent, servant and/or employee of the City and was operating said vehicle in the course and scope of such agency, servitude or employment. As a result, plaintiff was injured and sought damages in excess of $50,000 from the City.

¶ 8 Count III alleged that Leverett intentionally and/or recklessly: failed to park her vehicle at the edge of the roadway and thus obstructed traffic; failed to engage headlights or taillights; violated Chicago Police Department general and special orders regarding operating a police vehicle safely; double-parked her police vehicle in the single, westbound lane of traffic; failed to activate emergency lights or siren while double-parked; allowed the unattended police vehicle to remain double-parked without lights activated after any threat related to the domestic call was extinguished; and allowed the vehicle to remain double-parked while Officer Burg completed his report. In Count IV against the City, plaintiff made similar allegations as in Count III but through Leverett, as an employee, agent or servant of the City.

¶ 9 On February 23, 2018, defendants filed a motion to dismiss Counts III and IV of plaintiff's first amended complaint. Defendants initially noted that plaintiff was only given leave

to amend her "most recent complaint to add more facts," not to add new, additional counts. Defendants accordingly requested that the two new counts (Counts III and IV) be stricken. Alternately, defendants contended that Counts III and IV should be dismissed because they did not support willful and wanton conduct on their face and instead simply repeated the allegations of Counts I and II (negligence). The record does not indicate that plaintiff filed a response to defendants' motion, and the motion to dismiss was granted on February 26, 2018.[1]

¶ 10    On March 15, 2018, defendants filed a motion for summary judgment on plaintiff's remaining Counts I and II of the first amended complaint. Defendants alleged that they were immune under the Tort Liability Act, namely sections 10/2-109, 10/2-202, and 10/4-102. 745 ILCS 10/2-109, 2-202, 4-102 (West 2018). Defendants contended that Leverett was in the course of a domestic violence call and executing and enforcing the law at the time of the collision. Defendants noted that under section 60/303 of the Domestic Violence Act, completing a written police report is included as part of the duties of a police officer investigating a domestic violence incident, and is not routine patrol work as plaintiff alleged. 750 ILCS 60/303 (West 2018). As such, defendants claimed immunity under sections 2-109 and 2-202 of the Tort Liability Act. See 745 ILCS 10/2-109, 2-202 (West 2018). Additionally, defendants claimed immunity under the blanket provisions of section 4-102 of the Tort Liability Act (745 ILCS 10/4-102 (West 2018)) because Leverett was providing a police service before and at the time of the accident by completing the required reports under the Domestic Violence Act. Defendants also contended that summary judgment was warranted because they did not proximately cause plaintiff's injuries; rather they were the result of plaintiff's own actions or inactions. They noted

_____

[1] We note that the written order mistakenly says that plaintiff's motion to dismiss is hereby granted instead of defendants'. A second clarifying order was entered indicating that defendants' motion to dismiss was granted on March 22, 2018.

that plaintiff's failure to perceive the visible, white police vehicle with reflective materials under the streetlights and the light from her headlights was the proximate cause of the accident. Thus, defendants contended that there was no genuine issue of material fact as to whether any action by Leverett or the City caused the accident and plaintiff's injuries.

¶ 11    Plaintiff responded that defendants should not be immunized because the emergency had already concluded at the time of the accident.

¶ 12    On May 3, 2018, a hearing was held on defendants' motion. At the hearing, plaintiff argued that there was an issue of fact as to whether Leverett and her partner were actively executing or enforcing a law at the time of the accident. Plaintiff equated the requirement that police fill out paperwork after a domestic violence call to filling out a missing person's report because the perpetrator was unknown. Defendants responded that there was no emergency requirement in section 2-202 of the Tort Immunity Act, which covers their course of conduct from the time the officers are given the assignment until it is completed. The trial court indicated that it believed there was immunity but would take the matter under advisement. In a written order, the trial court denied defendants' motion, noting that the case was set for trial in 11 days and plaintiff's remaining claims would nevertheless proceed to trial. The court also struck paragraphs 34(i) – (j) and 39 (i) – (j) of plaintiff's first amended complaint as conclusions unsupported by specific facts.

¶ 13    On May 4, 2018, defendants filed a motion to clarify the court's order of May 3, 2018, and to reconsider ruling on their motion for summary judgment. Defendants contended that the trial court erred in applying the law because it mistakenly believed that there were other counts

of plaintiff's amended complaint remaining although Counts III and IV had been dismissed on February 26, 2018.

¶ 14    On May 8, 2018, in a written order, the trial court granted summary judgment in favor of defendants. The court initially noted that, given its oversight of the previous order that dismissed Counts III and IV of plaintiff's first amended complaint, it erred in its application of law to the circumstances of the case and reconsideration was warranted.  In granting summary judgment, the court found that the record evidence supported only one conclusion:

> "Leverett was engaged in a course of conduct designed to respond to the domestic violence call and carry out or put into effect section 303(a) of the Domestic Violence Act.  Leverett's uncontroverted testimony establishes that she was engaging in or enforcing the law instead of just routine elements of her official duties.  Leverett is thus immune from liability for negligence under section 2-202 of the Tort Immunity Act and the City is likewise immune under section 2-109 of the Act."

The court then vacated the May 3, 2018, order denying defendants' motion for summary judgment and granted defendant's summary judgment.  The order indicated that it was a final order that disposed of the case in its entirety. All future court dates were stricken.

¶ 15    Plaintiff subsequently filed an emergency motion for reconsideration and an emergency motion for leave to file a second amended complaint *instanter* on May 10, 2018.  In her motion to file a second amended complaint, plaintiff contended that the order striking Counts III and IV of her first amended complaint did not strike those counts with prejudice and that she sought to allege additional facts pursuant to willful and wanton negligence that would cure the purportedly

defective pleading.  Plaintiff also contended that the proposed second amended complaint would neither surprise nor prejudice defendants' and would conform with the overriding concerns of justness and reasonableness.

¶ 16    Plaintiff's motions were denied on May 11, 2018, in an order which indicated that the court was "fully advised in the premises."  The record does not indicate whether any argument was heard on the motions nor is there a record of a written response by defendants.

¶ 17    This timely appeal followed.

¶ 18                                   ANALYSIS

¶ 19            A.  Denial of Plaintiff's Motion to File a Second Amended Complaint

¶ 20    Plaintiff first contends that the trial court erred in denying her motion to file a second amended complaint after a final order was entered granting summary judgment on plaintiff's remaining negligence counts.  She argues that the trial court struck the willful and wanton counts of her first amended complaint without briefing or providing her with an opportunity to amend. She further maintains that the trial court summarily denied her post-judgment motions without briefing and without consideration of all of the relevant factors.  She contends that she provided specific allegations of fact for her willful and wanton counts as well as significant additional support for those counts, which resulted in sufficient allegations of willful and wanton conduct as a matter of law.  Additionally, plaintiff contends that the *Loyola* factors for whether an amendment to pleadings is proper after summary judgment weigh in her favor.

¶ 21    Whether to allow an amendment of a complaint is a matter within the discretion of a trial court, and we review a court's denial of leave to amend under the abuse of discretion standard. *Hachem v. Chicago Title Insurance Co.*, 2015 IL App (1st) 143188, ¶ 16.

¶ 22    We initially note that plaintiff's statement that the trial judge dismissed the willful and wanton counts of her first amended complaint without briefing or providing her with an opportunity to amend is only partially correct. The record indicates that she filed her first amended complaint on February 5, 2018, adding the willful and wanton counts, and defendants filed a motion to dismiss those counts with prejudice on February 23, 2018.  The record does not indicate that plaintiff requested and was denied an opportunity to respond, nor did she respond. With regard to a briefing schedule, plaintiff does not contend that she requested one, and she fails to cite any authority which indicates that a briefing schedule is a prerequisite for the trial court to conduct a hearing on a motion to dismiss counts of a complaint. It is well within the trial court's discretion to grant or withhold permission regarding a briefing schedule.  *TIG Insurance Co. v. Canel*, 389 Ill. App. 3d 366, 375 (2009).

¶ 23    Additionally, plaintiff did not include in the record on appeal any report of proceedings related to the trial court's denial of her emergency motion to file a second amended complaint. "An appellant has the burden to present a sufficiently complete record of the proceedings at trial to support a claim of error, and in the absence of such a record on appeal, it will be presumed that the order entered by the trial court was in conformity with law and had a sufficient factual basis.  Any doubts which may arise from the incompleteness of the record will be resolved against the appellant." *Foutch v. O'Bryant*, 99 Ill. 2d 389, 391-92 (1984).

¶ 24    Here, the trial court's written order denying plaintiff leave provides no insight into the trial court's rationale.  It simply states, "* * * Plaintiff's motions [to reconsider ruling on Defendant's Motion for Summary Judgment and for Leave to File a Second Amended Complaint at Law] are denied." We cannot divine the trial court's reasoning in denying her motion and

cannot determine whether that decision constituted an abuse of discretion and thus conclude that in light of plaintiff's failure to provide an adequate record, we presume the trial court's order had sufficient legal and factual basis. See *Illinois Founders Insurance Co. v. Williams*, 2015 IL App (1st) 122481, ¶ 56, citing *Foutch*, 99 Ill. 2d at 392.

¶ 25     To find an abuse of discretion in denying leave to amend, it must be clear from the record that reasons or facts were presented to the trial court as a basis for requesting the favorable exercise of the court's discretion. *Hayes Mechanical, Inc. v. First Industrial, L.P.*, 351 Ill. App. 3d 1, 7 (2004). Since we have no record, it obviously is not clear from the record that plaintiff made a sufficient presentation to the trial court.

¶ 26     We therefore affirm the trial court's denial of plaintiff's motion for leave to file a second amended complaint.

¶ 27     Moreover, this proposed second amended complaint came after the trial court entered final judgment in this case. While courts liberally grant leave to amend pleadings, that liberal rule applies to pleadings amended "*before final judgment*." (Emphasis added). 735 ILCS 5/2-616(a) (West 2018). However, as plaintiff's motion was filed after the entry of summary judgment, the amendment provisions of section 2-1005(g) would apply. That section states that before or after the entry of a summary judgment, the court shall permit pleadings to be amended upon just and reasonable terms." 735 ILCS 5/2-1005(g) (West 2018). In deciding whether a post summary judgment is proper, the following four factors are considered: "(1) whether the proposed amendment would cure the defective pleading; (2) whether other parties would sustain prejudice or surprise by virtue of the proposed amendment; (3) whether the proposed amendment is timely; and (4) whether previous opportunities to amend the pleading could be identified."

*Loyola Academy v. S & S Roof Maintenance, Inc.*, 146 Ill. 2d 263, 273 (1992); *Cook ex rel. Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 39.

¶ 28    Section 2-1005(g) does not allow a plaintiff to amend a cause of action on which the defendant was granted summary judgment unless depositions and affidavits indicate that the plaintiff can replead the claim under another theory.  *Cook ex rel. Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 40; *Steinberg v. Dunseth*, 276 Ill. App. 3d 1038, 1047 (1995). A trial court abuses its discretion when it refuses to allow a plaintiff to amend his complaint when a cause of action can be stated if the amendment is permitted.  *Cook ex rel. Cook v. AAA Life Insurance Co.*, 2014 IL App (1st) 123700, ¶ 40.

¶ 29    Here, plaintiff's proposed second amended complaint contained the same four counts as the first amended complaint:  Counts I and II sound in negligence and Counts III and IV sound in willful and wanton conduct.  Plaintiff could not reassert her negligence Counts I and II unless they were repled under another theory. See *Cook*, 2014 IL App (1st) 123700, ¶ 40; *Illinois Founders*, 2015 IL App (1st) 122481, ¶ 58.  Counts III and IV had been previously dismissed but were not part of the summary judgment, so plaintiff could possibly replead those counts. However, the lack of a transcript effectively precludes us from reviewing the denial of plaintiff's motion for leave to amend, as it is impossible to know which factors the trial court emphasized and what reasoning guided it.  *Illinois Founders*, 2015 IL App (1st) 122481, ¶ 56.  This court has repeatedly recognized the difficulty of reviewing a discretionary decision in the absence of a record of the trial court's reasoning.  See, *e.g.*, *Wells Fargo Bank, N.A. v. Hansen*, 2016 IL App (1st) 143720, ¶¶ 14-15 (absent record of hearing on motion to vacate judgment, appellate court could not determine if trial court abused discretion because appellate court "did not know

whether the trial court heard evidence on the motion, what the parties argued, or – most importantly – the basis for the court's decision"); *In re Marriage of Golden¸* 358 Ill. App. 3d 464, 473 (2005) (affirming discretionary decision on review of maintenance payments because record lacked "a report of proceedings or a sufficient substitute," and thus court was "unable to determine what evidence was presented to the trial court or how the trial court weighed the various relevant factors").

¶ 30    Further, a comparison of the willful and wanton counts alleged in plaintiff's first amended complaint and those alleged in the proposed second amended complaint leads us to the conclusion that they do not state a cause of action for willful and wanton conduct. Both counts are almost identical to those that were previously dismissed on February 26, 2018, and are identical to the allegations of Counts I and II except that they state "intentionally and/or recklessly" instead of "negligently." To sufficiently plead willful and wanton misconduct, a plaintiff must allege either a deliberate intention to harm or an utter indifference to or conscious disregard for the welfare of the plaintiff. *Oravek v. Community School District 146*, 264 Ill. App. 3d 895, 898 (1994). The alleged misconduct by Leverett does not rise to the level of deliberate intention to harm or the utter indifference to or conscious disregard for plaintiff's safety necessary to state a cause of action for willful and wanton conduct. A qualitative difference necessarily exists between willful and wanton misconduct and ordinary negligence; willful and wanton misconduct should shock the conscience. *Oravek*, 264 Ill. App. 3d at 900. That is simply not the case here.

¶ 31                                B. Summary Judgment

¶ 32    Plaintiff next contends that the trial court erred in granting defendants' motion for summary judgment because the facts in the trial court record are subject to conflicting interpretation.  Plaintiff argues, for the first time on appeal, that the source of the immunity for Leverett in responding to a domestic violence call, is found in section 60/305 of the Domestic Violence Act (750 ILCS 60/305 (West 2018)) which requires a finding of good faith, and not under the general Tort Immunity Act.

¶ 33    It is a well-established principle of appellate practice that contentions not raised in the trial court are waived and may not be raised for the first time on appeal.  *Department of Transportation for and on Behalf of People v. GreatBanc Trust Company*, 2018 IL App (1st) 171315, ¶ 13.  The purpose of this and other waiver rules is to preserve judicial resources by requiring parties to bring issues to the trial court's attention, thereby allowing the trial court the opportunity to correct any errors.  *Id.*  A party's failure to raise an issue or theory in the trial court "weaken[s] the adversarial process and our system of appellate jurisdiction" and prejudices the opposing party by depriving that party of the opportunity to respond to the issue or theory with its own evidence and argument.  *Daniels v. Anderson*, 162 Ill. 2d 47, 59 (1994).

¶ 34    The record reveals that in plaintiff's response to defendants' motion for summary judgment, plaintiff argued that defendants' motion must be denied because there was a genuine issue of material fact as to whether Leverett was executing or enforcing the law at the time of the collision, and argued for the first time that Leverett was not immune under section 4-102 of the Tort Immunity Act.  745 ILCS 10/4-102 (West 2018).  At no time did plaintiff contend that Leverett's actions were subject to a good faith standard in order for immunity to attach under

section 60/305 of the Domestic Violence Act. 750 ILCS 60/305 (West 2018). As plaintiff is raising that argument for the first time in this court, we find that such theory is waived.

¶ 35 As such, we will only consider whether any genuine issue of material fact existed as to whether defendants were immunized under the Tort Liability Act so as to preclude summary judgment in their favor.

¶ 36 Appellate review of an order granting summary judgment is *de novo*. *Barnard v. City of Chicago Heights*, 295 Ill. App. 3d 514, 519 (1998). A motion for summary judgment should only be granted if the pleadings, depositions and affidavits on file demonstrate that no genuine issues of material fact exist and the movant is entitled to judgment as a matter of law. *Barnard*, 295 Ill. App. 3d at 519. In determining whether a genuine issue as to any material fact exists, a reviewing court must view the evidence in the light most favorable to the nonmoving party. *Barnard*, 295 Ill. App. 3d at 519.

¶ 37 The trial court found that defendants were immunized under sections 2-202 and 2-109 of the Tort Liability Act. Section 2-202 of the Tort Liability Act provides that "[a] public employee is not liable for his act or omission in the execution or enforcement of any law unless such act or omission constitutes willful and wanton negligence." 745 ILCS 10/2-202 (West 2018). Section 2-109 provides that "[a] local public entity is not liable for an injury resulting from an act or omission of its employee where the employee is not liable." 745 ILCS 10/2-109 (West 2018).

¶ 38 Defendants claimed immunity because Leverett and Burg were dispatched on a domestic violence call and were completing required reports under the Domestic Violence Act in their double-parked police vehicle related to that call when the accident occurred.

¶ 39 Plaintiff contends that Leverett's enforcement and execution of a law ended once the emergency was over and did not extend to the completion of paperwork. She characterizes that action as "routine patrol work." In contrast, defendants contend that the execution of the law on a domestic violence call is not complete until the reports are completed pursuant to sections 60/303 and 60/304(b) of the Domestic Violence Act. 750 ILCS 60/303, 60/304(b) (West 2018). We agree with defendants.

¶ 40 Section 60/303 provides in pertinent part:

> "(a) Every law enforcement officer investigating an alleged incident of abuse, neglect, or exploitation between family or household members shall make a written police report of any bona fide allegation and the disposition of such investigation. The police report shall include the victim's statements as to the frequency and severity of prior incidents of abuse, neglect, or exploitation by the same family or household member and the number of prior calls for police assistance to prevent such further abuse, neglect, or exploitation. * * *" 750 ILCS 60/303 (West 2018).

¶ 41 Section 60/304(b) provides in pertinent part:

> "Whenever a law enforcement officer does not exercise arrest powers or otherwise initiate criminal proceedings, the officer shall:
>
> (1) Make a police report of the investigation of any bona fide allegation of an incident of abuse, neglect, or exploitation and the disposition of the investigation, in accordance with subsection (a) of Section 303;

(2) Inform the victim of abuse[,] neglect, or exploitation of the victim's right to request that a criminal proceeding be initiated where appropriate, including specific times and places for meetings with the State's Attorney's office, a warrant officer, or other official in accordance with local procedure; * * * ."  750 ILCS 60/304(b)(1), (2) (West 2018).

¶ 42    In this case, it is undisputed that Leverett and her partner Burg were dispatched to 6836 West Foster on a domestic violence call.  When they arrived at approximately 5:39 a.m., there were no available parking spaces, and due to the nature of the dispatch, Leverett double-parked the marked police vehicle.  Additionally, Leverett indicated that the overhead and Mars lights were not activated due to the early morning hours of the call.  It is further undisputed that after being apprised that there was no immediate danger to the victim and the perpetrator was no longer nearby, Leverett and Burg returned to their vehicle to complete the case report and other reports required as part of a domestic violence call under section 60/304(b) of the Domestic Violence Act.  750 ILCS 60/303 (West 2018).  It was their intention to return to the residence and give a copy of the report to the victim when it was completed.  Before that could happen, the accident occurred.

¶ 43    Our supreme court has stated that enforcing the law is rarely a single, discrete act but instead is a course of conduct.  *Fitzpatrick v. City of Chicago*, 112 Ill. 2d 211, 221 (1986).  Where the evidence establishes that at the time of his alleged negligence a public employee was engaged in a course of conduct designed to carry out or put into effect any law, an affirmative defense based upon section 2-202 and 2-109 of the Tort Immunity Act (745 ILCS 10/2-202, 2-109 (West 2018)) should be available to the government employee and his employer.

*Fitzpatrick*, 112 Ill. 2d at 221. Our supreme court further noted "[i]n fact, when the evidence in such a case, viewed in its aspect most favorable to the plaintiff, so overwhelmingly establishes that the public employee was engaged in such a course of conduct that no contrary verdict based on that evidence could ever stand, a directed verdict must be granted in favor of the defendants." *Fitzpatrick*, 112 Ill. 2d at 221, citing *Pedrick v. Peoria & Eastern R.R. Co.*, 37 Ill.2d 494, 510 (1967).

¶ 44    The same result is warranted here. Under the Domestic Violence Act, Leverett and Burg had not finished their assignment with regard to the domestic violence call. As such, Leverett was still engaged in a course of conduct that was enforcing or executing a law and Leverett was thus immunized under section 2-202 of the Tort Immunity Act. Because Leverett was immunized, the City was also immunized as her employer under section 2-109 of the Tort Immunity Act. We find that the trial court properly granted summary judgment in favor of defendants.

¶ 45                                   CONCLUSION

¶ 46    For the foregoing reason, we affirm the judgment of the circuit court of Cook County.

¶ 47    Affirmed.